IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES WILLIAM             :
CUNNINGHAM, JR.,            :
    Plaintiff,              :
                            :
vs.                         :     CIVIL ACTION NO. 16-00180-CG-N
                            :
GEORGE KOUNS, M.D., *et al.*,  :
    Defendants.             :
                            :

Report and Recommendation

Plaintiff Charles William Cunningham, Jr., an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72(a)(2)(R), and is now before the undersigned on the motion for summary judgment of Defendants (Docs. 15, 17, 21, 22). After careful review of the pleadings, and for the reasons set out below, it is recommended that Defendants' Motion for Summary Judgment be **granted**, and Plaintiff Cunningham's federal claims be **dismissed** with prejudice.

Additionally, **Plaintiff is hereby placed on Notice** by the filing of this Report and Recommendation of the Court's intention to recommend the granting of summary judgment for Defendant Gloria McClain, pursuant to Fed. R. Civ. P. 56(f)(3), and Plaintiff's motion to appoint counsel is **denied** as moot. (Doc. 34).

**I.     Summary of Allegations.**

From its review of the record, the court summarizes the parties' allegations that are material to the issues addressed in the Report and Recommendation.

This claim arises after Cunningham initiated a physical attack on another inmate on July 7, 2015. (Doc. 1 at 3, 13-14). During the altercation, Cunningham, with a closed right fist, punched the inmate in the back of the head and subsequently suffered an injury to his hand in the process. (*Id*.). The record confirms Cunningham was immediately taken to the prison infirmary following the assault, where a physical exam was conducted and a body chart was completed referencing only a swollen knuckle on Plaintiff's right hand middle finger. (Doc. 22-1 at 7). The following day, Cunningham returned to the healthcare unit with complaints of a possibly broken hand; he was prescribed Ibuprofen 400 mg and Tylenol 650 mg for the complained of pain and an x-ray was ordered. (*Id*. at 8, 40). The x-ray, performed on July 9, 2015, revealed no new facture or injury to the hand – only an old fracture at the base of the fifth metacarpal was detected. (*Id*. at 8-9).

Cunningham was next examined for complaints of hand pain and requests for stronger pain medication on July 14 and 17, 2015. (Id. at 12-15). At that time, the nurses noted minimal edema to his third knuckle and recommended Cunningham to be scheduled with Dr. Kouns. (*Id*. at 12-15).

On July 21 and August 3, 2015, Cunningham filed related grievances requesting to see a doctor, requesting stronger pain medication, and disputing the findings of the x-ray report (specifically, he insisted that he suffered a new injury to his hand). (*Id*. at 16, 18-19). Nurse McClain responded to both grievances informing Cunningham he had an appointment scheduled with Dr. Kouns on August 8, 2015 and that the doctor would review the diagnostic results with him at that time. (*Id*. at 16, 19).

Dr. Kouns examined Cunningham on August 10, 2015, and noted his treatment plan for Cunningham: to order an orthopedic consult and control Cunningham's pain.

(*Id*. at 20, 41). The consult referral was immediately submitted by Dr. Kouns, and while awaiting the approval decision, Cunningham filed a third grievance regarding his need for stronger pain medication and complaining about the delay of medical treatment. (*Id*. at 25). Nurse McClain immediately responded to the grievance, stating:

> x-rays were done 7/09/15 and it showed an old fracture of unknown age. The doctor has sent a consultation request for an orthopedic, awaiting approval. You are on Pain off four times a day along with Advil three times a day for pain and inflammation.

(*Id*.).

On August 25, 2015, Dr. Hood, the statewide medical director, denied Dr. Kouns' orthopedic request and instead recommended splinting Cunningham's hand for three weeks and repeating the x-ray scan; Cunningham's right hand was splinted on September 3, 2015. (*Id*. at 22, 26-28).

On September 21, 2015, Dr. Kouns again examined Cunningham noting "pain at fracture site when gripping or with pressure to the fracture site," again prescribed pain medications, and again requested an orthopedic consult. (*Id*. at 30, 40). The request for an orthopedic consult was denied by Dr. Karen Stone, who recommended Cunningham's treatment be managed onsite. (*Id*. at 30).

Cunningham continued to request stronger pain medication on September 16 and September 30, 2015, and the nursing staff responded by scheduling Cunningham an appointment with Dr. Kouns for October 15, 2015. (*Id*. at 29, 31,).

On October 7, 2015, Cunningham filed his fourth grievance questioning why his hand had not been reexamined, why x-rays had not been retaken, and why his pain medication had been discontinued. (*Id*. at 30). The grievance was answered with the

reply that, "The x-ray reports state no new injury (as of 7/15). There are no current prescriptions for pain medicine…." (*Id.*).

On November 16, 2015, a follow up and comparative x-ray was performed revealing "moderate osteoarthritis of the right hand, but no fracture or dislocation seen. No change from July 9, 2015." (*Id*. at 36).

On November 20 and 23 2015, Cunningham repeated his requests for stronger pain medication claiming he could not make a fist with his right hand was "hurting please help me" (*Id*. at 37). Upon examination by Dr. Kouns on December 4, 2015, Cunningham was advised to continue to splint his hand and use Tylenol for pain. (*Id*. at 40).

Plaintiff Cunningham brings this action seeking monetary relief against Defendants George Kouns, MD, Hugh Hood, MD, and Gloria McClain for claims that they denied or delayed him medical treatment of his right hand injury following an inmate on inmate assault, thereby causing permanent damage to his hand (specifically, that his "right hand is bigger than his left hand" and "he has a hard-time writing etc."), in violation of the Eighth Amendment.[1] (Doc. 1 at 8-11). In their Special Reports,

---

[1] The claims of this action were originally filed as a part of case number 15-cv-0494-KD-N on October 2, 2015 against Defendants George Kouns, MD, Hugh Hood, MD, Karen Stone, MD, Gloria McClain, RN, Nykeiliya Jackson, LPN, Cindy Johnson, LPN, and Ashley Walls, LPN. (*See* U.S. Dist. Court for the S.D. Ala., Case number 15-0494-KD-N, Doc. 1). After a screening of the complaint under 28 U.S.C. § 1915A, the court determined that the complaint violated Federal Rule of Civil Procedure 20(a)(2) by alleging claims arising from unrelated medical claims arising from different transactions or occurrences. Upon order of the court Plaintiff filed two separate complaints, and this action was docketed as case number 16-cv-0180-CG-N. Out of an abundance of caution and leniency, the court served all defendants named in the original complaint (15-cv-0494-KD-N) in this current action.
The claims of this action are § 1983 claims and require that a plaintiff establish a causal connection between a defendant's actions, orders, customs, or policies and a

Defendants Kouns and Hood deny Plaintiff's allegations that he received inadequate medical care and assert that the treatment he received was within the constitutional standards.[2]

## II.     Standard of Review.

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ("The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."); *Garczynski v. Bradshaw*, 573 F.3d 1158, 1165 (11th Cir. 2009) ("[S]ummary judgment is appropriate even if 'some alleged factual dispute' between the parties remains, so long as there is 'no genuine issue of material fact.'").

---

deprivation of a constitutional right in order to state a claim upon which relief may be granted. *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986); *Williams v. Bennett*, 689 F.2d 1370, 1380 (11th Cir.), *cert. denied*, 464 U.S. 932, 104 S. Ct. 335, 78 L. Ed. 2d 305 (1983). In this action, Cunningham did not allege a causal connection with respect to many persons named as defendants in the style of the original complaint, 15-cv-494-KD-N. Specifically, Cunningham fails reference Karen Stone, MD, Nykeiliya Jackson, LPN, Cindy Johnson, LPN, and Ashley Wall, LPN in the descriptive allegations. Thus, Cunningham did not causally connect these defendants to a deprivation of his constitutional rights. Cunningham, therefore, has failed to state a plausible claim against these defendants, namely, Karen Stone, M.D., Nykeiliya Jackson, LPN, Cindy Johnson, LPN, and Ashley Wall, LP. Hence, these defendants are due to be dismissed for failure to state a claim against them. As a result, only those claims connected to a defendant who is included in the description of Cunningham's claims will be addressed.

[2]     The complaint filed in this current action maintains allegations only against Dr. George Kouns, Dr. Hugh Hood, and Nurse Gloria McClain. With the exception of Gloria McClain, Defendants have answered the complaint and filed special reports which the court has converted to an action for summary judgment. (See Doc. 15, 17, 21, 22, 27). Defendant McClain has yet to be served with the action and, therefore, is not a party to this motion.

The party seeking summary judgment has the initial responsibility of informing the court of the basis for the motion and of establishing, based upon the discovery instruments outlined in Rule 56(c), that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); s*ee also Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306, 1313 (11th Cir. 2007) ("The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."). Once this initial demonstration is made, the "responsibility then devolves upon the non-movant to show the existence of a genuine issue . . . [of] material fact." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *see also Allen, supra*, at 1314 ("'When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and show by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing that there is a genuine issue for trial.'") internal citations omitted); *see Comer v. City of Palm Bay, Fla.*, 265 F.3d 1186, 1192 (11th Cir. 2001) ("Once the moving party discharges its initial burden of showing that there is an absence of evidence to support the non-moving party's case, the non-moving party must specify facts proving the existence of a genuine issue of material fact for trial confirmed by affidavits, 'depositions, answers to interrogatories, and admissions on file.'") (internal quotations and citations omitted).

> Forbidding reliance upon pleadings precludes a party from "choos[ing] to wait until trial to develop claims or defenses relevant to the summary judgment motion." . . . This effectuates the purpose of summary judgment which "'is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" . . . Thus, "mere general allegations which do not reveal detailed and precise facts" will not prevent

the award of summary judgment upon a court's determination that no genuine issue for trial exists.

*Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 592 (11th Cir.), *cert. denied sub nom. Jones v. Resolution Trust Corp.*, 516 U.S. 817, 116 S. Ct. 74, 133 L.Ed.2d 33 (1995); *see also LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 835 (11th Cir. 1998) ("[The nonmoving party] must raise 'significant probative evidence' that would be sufficient for a jury to find for that party."). In other words, there is no genuine issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party[.]" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *see Comer*, *supra*, 265 F.3d at 1192 ("Summary judgment is required where the non-moving party's response to a motion is merely 'a repetition of his conclusional allegations' and is unsupported by evidence showing an issue for trial.").

In considering whether Defendants are entitled to summary judgment in this action, the undersigned has viewed the facts in the light most favorable to Plaintiff Cunningham. *Comer*, *supra*, 265 F.3d at 1192 ("We view the evidence and all factual inferences raised by it in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-moving party.").

> The requirement to view the facts in the nonmoving party's favor extends only to "genuine" disputes over material facts. A genuine dispute requires more than "some metaphysical doubt as to the material facts." A "mere scintilla" of evidence is insufficient; the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment.

*Garczynski*, *supra*, 573 F.3d at 1165 (internal citations omitted). In addition, "[t]here is no burden upon the district court to distill every potential argument that could be made

based upon the materials before it on summary judgment." *Resolution Trust Corp.*, *supra*, 43 F.3d at 599.

## III. Discussion.

The Eleventh Circuit has delineated the objective and subjective portions of an Eighth Amendment claim which must be met in order to prove a constitutional violation:

> An Eighth Amendment claim is said to have two components, an objective component, which inquires whether the alleged wrongdoing was objectively harmful enough to establish a constitutional violation, and a subjective component, which inquires whether the officials acted with a sufficiently culpable state of mind.

*Sims v. Mashburn*, 25 F.3d 980, 983 (11th Cir. 1994)(*citing Hudson v. McMillian*, 503 U.S. 1, 8, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992)). The objective component of the Eighth Amendment requires a plaintiff to demonstrate that an "objectively serious medical need" exists. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A serious medical need is "considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* (*citing Hill v. DeKalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994) overruled on other grounds in *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1031 n. 8 (11th Cir. 2001)(quotation marks omitted)). "In either of these situations, the medical need must be one that, if left unattended, pos[es] a substantial risk of serious harm." *Id.* (citations and quotation marks omitted). Severe pain that is not promptly or adequately treated can also constitute a serious medical need depending on the circumstances. *McElligott v. Foley*, 182 F.3d 1248, 1255-59 (11th Cir. 1999); *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990) (per curiam) (delay in treating inmate's broken foot, no matter how brief, could render defendants liable for

deliberate infliction of pain).

In order to meet the subjective requirement of an Eighth Amendment denial of medical care claim, Plaintiff must demonstrate "deliberate indifference" to a serious medical need. *Farrow*, 320 F.3d at 1243. "Deliberate indifference entails more than mere negligence. *Estelle*, 429 U.S. at 106; *Farmer v. Brennan*, 511 U.S. 825, 835, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). The Supreme Court held that a prison official cannot be found deliberately indifferent under the Eighth Amendment "unless the official *knows of* and *disregards an excessive risk to inmate health or safety;* the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S., 825, 837-38, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (emphasis added). However, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Therefore, "under *Estelle* and *Farmer*, deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow*, 320 F.3d 1235, 1246 (*citing McElligott*, 182 F.3d 1248, 1255)(stating that defendant must have subjective awareness of an "objectively serious need" and that his response must constitute "an objectively insufficient response to that need")).

Also, it is well established that a difference in opinion or a disagreement between an inmate and prison officials as to what medical care is appropriate for his particular condition does not state a claim for deliberate indifference to medical needs. *See Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *accord Bowring v. Godwin*, 551 F.2d 44,

48 (4th Cir. 1977)(disavowing any attempts to second-guess the propriety or adequacy of a particular course of treatment, as this, along with all other aspects of health care, remains a question of sound professional judgment).

Likewise, medical malpractice or negligence by a physician is insufficient to form the basis of a claim for deliberate indifference. *See Estelle*, 429 U.S. at 105-07; *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). Instead, something more must be shown. Evidence must support a conclusion that a prison physician's harmful acts were intentional or reckless. *See Farmer*, 511 U.S. 825, 833-38, 114 S. Ct. 1970, 128 L. Ed. 2d 811; *Cottrell v. Caldwell*, 85 F.3d 1480, 1491 (11th Cir. 1996)(stating that deliberate indifference is equivalent of recklessly disregarding substantial risk of serious harm to inmate)(*Adams* at 1543)(stating that plaintiff must show more than mere negligence to assert an Eighth Amendment violation); *Hill*, 40 F.3d 1176, 1191 n. 28 (11th Cir. 1994)(recognizing that Supreme Court has defined "deliberate indifference" as requiring more than mere negligence).

Though a broken bone may qualify as a serious medical need, there is not enough evidence in the record to determine if Cunningham's hand injury indeed qualifies as a serious medical need. The two x-rays conducted revealed no fracture or injury; the nurses' medical notations report only mild edema or swelling observable on or by the middle knuckle of Cunningham's right hand; and orthopedic consult referrals were denied on two separate occasions by two different physicians. Plaintiff offers no verified medical evidence to dispute the conclusions of record. Without admissible evidence in the record showing otherwise, the undersigned cannot find that Plaintiff's right hand injury constituted a serious medical need and his medical care claim as stated can be

denied on that basis. Nevertheless, in the event that Cunningham's hand injury is a serious medical need, the undersigned will proceed with its analysis. *See Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990)(no dispute that broken foot can be a serious and painful injury); *Minton v. Spann*, 2007 U.S. Dist. LEXIS 26480, 2007 WL 1099114, at *16 (N.D. Fla. Apr. 10, 2007)(a broken bone is a serious medical need).

Assuming Plaintiff's hand injury is a serious medical need, Cunningham must demonstrate more than inadvertence, negligence (even gross negligence), or medical malpractice to state an Eighth Amendment violation. *Lepper v. Nguyen*, 368 Fed. App'x. 35, 39 (11th Cir. 2010)(*citing Estelle* at 105-06). Similarly, "a simple difference in medical opinion" is not enough to prove deliberate indifference. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989).

As set out above, Cunningham received prompt treatment of his hand injury after the physical altercation with another inmate, including examinations, an x-ray, and pain medication. Thereafter, his sick call requests, as well as each grievance, continued to be answered. The nursing staff treated Cunningham and made physician referrals when necessary, and Dr. Kouns initiated two consult referrals. The fact that the consult referrals were denied does not establish deliberate indifference. In fact, the record shows that the denials of the orthopedic referrals were medical judgment calls to treat Cunningham in house with a splint and to obtain follow up x-rays prior to taking steps outside the prison. Additionally, the follow up x-rays revealed no fracture and objectively confirmed that neither orthopedic surgery nor treatment was necessary.

Plaintiff Cunningham has not submitted any verifiable medical evidence to dispute the adequacy of Defendants' treatment and conclusions nor has he provided any

evidence that his right hand would have healed any differently had he been referred to a specialist. Plaintiff offers the Court nothing more than his own unsubstantiated opinions about the quality of the medical care he received. Such opinions are insufficient to create a genuine issue of material fact, and his failure to support his claim with medical evidence is fatal to it. *See Fullman v. Graddick, supra*.

Under the standards set out above, and based on the medical records before the court, Defendants treated Plaintiff's hand with standard care on a regular basis. *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991)(he medical care Plaintiff received was not "so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to the fundamental fairness."). Plaintiff has failed to come forward with any evidence that Defendants knew the manner in which Plaintiff was being treated created a substantial risk of harm to him, and that Defendants consciously disregarded that risk. Defendants deny Plaintiff's allegations of inadequate medical care and maintain that they rendered appropriate treatment to Plaintiff for his injuries. The evidentiary materials filed herein support Defendants' assertions and establish that Plaintiff was adequately treated for his broken hand. While Cunningham disagrees with the treatment he received, that does not state a viable claim. Such assertions as Cunningham's, that he should have received different or stronger pain medication and referrals to specialist, illustrate a "classic example" of a matter for medical judgment, and as previously noted, a disagreement with medical attention provided does not arise to deliberate indifference. *Estelle*, 429 U.S. at 107; *see also Hamm*, 774 F.2d at 1575 (inmate's desire for other form of medical treatment does not constitute deliberate indifference violative of the Constitution). Accordingly, the undersigned finds that Defendants were not deliberately

indifferent to Plaintiff's serious medical needs, namely, his right hand injury, and this claim fails.

Moreover, Plaintiff's claim that a three-month delay in care amounts to a constitutional violation also fails. A "[d]elay in access to medical attention can violate the Eighth Amendment . . . when it is tantamount to unnecessary and wanton infliction of pain." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer*, 536 U.S. 730, 739 n. 9, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002) (internal citations and quotation marks omitted). However, to succeed in proving that the delay of medical care rose to a constitutional violation, Plaintiff "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment to succeed. . . . Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for delay. *Id*. at 1188-89 (internal citations omitted) (footnotes omitted); *see also, Mann v. Taser Int'l, Inc*., 588 F.3d 1291, 1307 (11th Cir. 2009).

Plaintiff's pleadings are void of verifiable medical evidence that he suffered any detrimental effect due to Defendants' actions or inactions; therefore, no reasonable jury could find that Defendants were deliberately indifferent to Cunningham's serious medical needs in violation of Cunningham's constitutional rights.

IV.  **Notice of Judgment Independent of the Motion.**

Rule 56 of the Federal Rules of Civil Procedure permits the court, after it has given notice and a reasonable time to respond, to "consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute."

Fed. R. Civ. P. 56(f)(3). Thus, by filing of this Report and Recommendation, the court **notifies the Plaintiff** of its intention to consider a recommendation to the District Judge that she enter summary judgment, *sua sponte*, in favor of Defendant Gloria McClain on the claims raised against her in this action.

Plaintiff Cunningham has raised an Eighth Amendment claim against Defendant McClain for delaying medical treatment for three months and causing permanent damage to his hand. (Doc. 1 at 9). These claims and all allegations made in Cunningham's pleadings are identical to the claims and allegations made against Defendant Kouns and Hood. (*Id.*). Additionally, the record confirms that Nurse McClain responded to each filed grievance and provided adequate medical treatment based on the diagnostic tools available. For the reasons stated in this report, after a review of all the relevant facts, it is recommended that summary judgment be entered on behalf of Defendant McClain and dismissal of all claims against her.

However, Defendant McClain has yet to be served with the complaint and is therefore not a party to this motion for summary judgment. Given that Cunningham presents no additional allegations nor provides any differing facts as to his claims against Defendant McClain as those against Defendants Kouns and Hood, the court maintains that its findings of facts and conclusions of law regarding the claim presented against Defendants Kouns and Hood would be essentially identical to those of Defendant McClain. Accordingly, Plaintiff Cunningham is hereby put on notice by this report and the analysis of his claims of the court's intention to consider summary judgment in favor of Defendant Gloria McClain.

Accordingly, within the fourteen days provided for filing objections to this report and recommendation, Plaintiff Cunningham shall show cause, in writing, why the court should not enter summary judgment pursuant to Rule 56(f)(3) of the Federal Rules of Civil Procedure in favor of Defendant McClain on Plaintiff's 42 U.S.C. § 1983 claims. In responding to this notice, Plaintiff should refer to Fed. R. Civ. P. Rule 56, including the following provision:

> A party asserting that a fact . . . is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Plaintiff cannot rely only on his unsworn pleadings but must respond to this notice by filing sworn affidavits, depositions, or other materials set forth in Rule 56(c)(1)(A) — or by citing such evidence already of record in this matter — which set forth facts presented in a form that would be admissible evidence demonstrating that there is a genuine dispute as to a material fact for trial in this case. If plaintiff fails to file sworn affidavits or other acceptable evidence as set forth in Rule 56 the court will accept the evidence identified above as undisputed, for purposes of evaluating whether the court should grant summary judgment in the defendants' favor. *See* Fed. R. Civ. P. 56(e). Plaintiff's failure to follow the requirements of Rule 56(c)(1)(A) in opposing the proposed summary judgment could result in a recommendation from the undersigned Magistrate Judge to the presiding Senior District

Judge Callie V.S. Granade that she enter summary judgment in the favor of the Defendant McClain and enter final judgment in this case without a trial.

V.     **Conclusion.**

Plaintiff Cunningham has failed to show an Eighth Amendment constitutional violation on the part of the Defendants Kouns, Hood, Stone, Jackson, Johnson, and Walls.  Based on the foregoing, the undersigned recommends that summary judgment should be **GRANTED** in their favor of and that Plaintiff Cunningham's action against these Defendants be **DISMISSED** with prejudice.

Furthermore, Plaintiff is hereby placed on Notice by the filing of this Report and Recommendation of the **Court's intention to recommend the granting of summary judgment for Defendant Gloria McClain**, who has not been served with this complaint to date.  Plaintiff is afforded the opportunity to include within any objections he has to this report and recommendation any reasons that should preclude the entry of summary judgment on behalf of Defendant McClain.[3]

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. L.R. 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations

---

[3]     Plaintiff's motions relating to the service of Defendant Gloria McCain, (Docs. 18, 23, 28, 35) shall remain pending until the time period for the Right to File Objections to this report expires.

contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this the 19th day of April 2017.

                                       */s/ Katherine P. Nelson*
                                       **KATHERINE P. NELSON**
                                       **UNITED STATES MAGISTRATE JUDGE**